UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**DANIEL DIAZ,**

    **Plaintiff,**

v.                                             Case No: 5:25-cv-447-TPB-PRL

**MICHAEL BIGELOW doing business
as Comstruct Services Inc.,**

    **Defendant.**

_____

## ORDER

Plaintiff Daniel Diaz, proceeding *pro se*, filed this action against Michael Bigelow, an individual doing business as Comstruct Services Inc., which operates in Marion County, Florida, for alleged violations of the Equal Pay Act of 1963 ("EPA"), 29 U.S.C. § 206(d), and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* (Doc. 1). Plaintiff seeks to proceed in forma pauperis. (Doc. 2). For the reasons explained below, Plaintiff's Motion to Proceed in Forma Pauperis is taken under advisement, and in an abundance of caution, Plaintiff will be given an opportunity to amend the complaint and the motion.

**I.    BACKGROUND**

Plaintiff initiated this action against Defendant by filing a "Complaint for Violation of the Equal Pay Act, Unpaid Wages, and Retaliatory Termination." (Doc. 1). In his complaint, Plaintiff avers that he was employed by Defendant "within the meaning of 29 U.S.C. § 203(d) and (e)" and worked for Defendant "as a crew lead or similarly titled supervisory worker and performed labor-intensive duties with significant responsibility" (*id.* at ¶¶ 5-6), but he does not state when specifically he worked for Defendant. Plaintiff claims that on June 15, 2025, he

"learned that less-experienced, subordinate employees—some of whom were newly hired and/or performed lesser duties—were receiving substantially higher hourly wages than [him], despite Plaintiff's greater job responsibilities and tenure." (*Id.* at ¶ 7). After learning of this information, on the following day, Plaintiff asked Defendant for "equitable compensation," where he "express[ed] concern about a wage disparity based on sex and other improper factors." (*Id.* at ¶ 8). Plaintiff asserts that "Defendant acknowledged the [wage] disparity and agreed to raise Plaintiff's wage from $22.00 to $31.60 per hour." (*Id.* at ¶ 9).

Then, on June 17, 2025, one day following his request for a wage increase, Plaintiff alleges that Defendant terminated his employment, telling him that "life isn't fair" and that he was acting "shady" for inquiring about his co-workers' wage information. (*Id.* at ¶ 10). During his employment with Defendant, Plaintiff states that Defendant had described him as "an asset" and "considered him for a leadership role [with] a new crew." (*Id.* at ¶ 11). On June 25, 2025, Plaintiff sent a demand letter to Defendant and the company's human resources manager for unpaid wages, compensation, and damages, but he received no response. (*Id.* at ¶ 12).

Based on these allegations, Plaintiff asserts three counts against Defendant: (1) wage discrimination in violation of the EPA; (2) retaliation in violation of the FLSA under 29 U.S.C. § 215(a); and (3) "unpaid wages (breach of oral agreement)." (*Id.* at pp. 2-3).

II.   **LEGAL STANDARDS**

An individual may be allowed to proceed in forma pauperis if he declares in an affidavit that he is unable to pay such fees or give security therefor. *See* 28 U.S.C. § 1915(a)(1). However, before a plaintiff is permitted to proceed in forma pauperis, the Court is obligated to review the complaint to determine whether it is frivolous, malicious, fails to state a claim

upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See id*. § 1915(e)(2). If the complaint is deficient, the Court is required to dismiss the suit *sua sponte*. *See id*.

In evaluating a complaint under § 1915, courts must liberally construe *pro se* filings and hold them to less stringent standards than papers drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But courts cannot act as counsel for plaintiffs or rewrite pleadings. *See United States v. Cordero*, 7 F.4th 1058, 1068 n.11 (11th Cir. 2021). *Pro se* litigants must still comply with the procedural rules applicable to ordinary civil litigation. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

Nevertheless, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While this pleading standard "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *See id*. (quoting *Twombly*, 550 U.S. at 555). The complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests" and must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action[.]" *See Twombly*, 550 U.S. at 555 (citations omitted). Although a court must accept as true well-pleaded allegations, it is not bound to accept a legal conclusion stated as a "factual allegation" in the complaint. *See id*.; *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002)

(explaining that "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal") (citations omitted).

**III.   DISCUSSION**

   **A. Shotgun Pleading**

As an initial matter, Plaintiff's complaint constitutes an impermissible shotgun pleading. "A complaint that fails to comply with Rules 8 and 10 may be classified as a shotgun pleading." *Luft v. Citigroup Glob. Markets Realty Corp.*, 620 F. App'x 702, 704 (11th Cir. 2015) (per curiam) (citation and internal quotation marks omitted); *see Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015) (defining a "shotgun pleading" as a pleading that "violate[s] either Rule 8(a)(2) or Rule 10(b), or both"). Shotgun pleadings "exact an intolerable toll on the trial court's docket." *See Cramer v. Florida*, 117 F.3d 1258, 1263 (11th Cir. 1997).

Federal Rules of Civil Procedure 8 and 10 lay out the minimum federal pleading requirements. *See generally* Fed. R. Civ. P. 8, 10. Under Rule 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2). Under Rule 10, "[a] party must state its claims . . . in numbered paragraphs," with each paragraph "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b). "If doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count." *See id*. The purpose of Rules 8(a)(2) and 10(b) is "to require the pleader to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading, the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted," and then "at trial, the

court can determine that evidence which is relevant and that which is not." *See Fikes v. City of Daphne*, 79 F.3d 1079, 1082 (11th Cir. 1996) (citation omitted).

The Eleventh Circuit has identified four basic categories of shotgun pleadings: (1) a complaint "containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint"; (2) a complaint "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) a complaint that fails to separate "each cause of action or claim for relief" into a different count; and (4) a complaint that "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *See Weiland*, 792 F.3d at 1321-23 (internal footnotes omitted). Each of these types of pleadings fails "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *See id*. at 1323 (internal footnote omitted).

In this instance, Plaintiff's complaint falls under the first category of shotgun pleadings. Each count in the complaint incorporates by reference the allegations of all preceding paragraphs, causing each successive count to carry the allegations from the other counts that came before it, and the final count is a combination of the entire complaint. (Doc. 1 at ¶¶ 13, 17, 21); *see Weiland*, 792 F.3d at 1321 n.11 (collecting cases); *Smith v. Knipe*, No. 6:23-CV-1718-WWB-LHP, 2024 WL 988853, at *3 (M.D. Fla. Feb. 13, 2024), *report and recommendation adopted*, 2024 WL 1619412 (M.D. Fla. Apr. 15, 2024) (finding the complaint to be the first type of shotgun pleading, where the "first four counts of [p]laintiff's complaint incorporate[d] all of the preceding allegations from the [c]omplaint, without specifying which

allegations relate to which claim"). Specifically, Counts II and III incorporate all the foregoing allegations, including the previous counts. (Doc. 1 at ¶¶ 17, 21). As a result, "most of the counts . . . contain irrelevant factual allegations and legal conclusions." *See Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002). Consequently, in ruling on the sufficiency of a claim, the Court is faced with the onerous task of "sift[ing] out the irrelevancies" to determine which facts are relevant to each claim. *See id*. As the complaint fails to clearly state which allegations relate to which claim, "it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *See Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996). Because Plaintiff's Complaint constitutes an impermissible shotgun pleading, it fails to give the Defendant adequate notice of the claims asserted against him and the grounds upon which each claim rests. *See Weiland*, 792 F.3d at 1323.

### B.  Failure to State a Claim in Multiple Counts

In addition, multiple counts in Plaintiff's complaint fail to allege sufficient facts to state a claim upon which relief could be granted. Count one in the complaint alleges wage discrimination in violation of the EPA. (Doc. 1 at pp. 2-3). To state a claim under the EPA, the plaintiff must show that the employer paid employees of the opposite gender lower wages for equal work, which required "equal skill, effort, and responsibility, and which [was] performed under similar working conditions." *See Steger v. Gen. Elec. Co.*, 318 F.3d 1066, 1077-78 (11th Cir. 2003) (citation and internal quotation marks omitted); *Beavers v. Am. Cast Iron Pipe Co.*, 975 F.2d 792, 795, 801 (11th Cir. 1992).

In his complaint, Plaintiff generally alleges that "employees of the opposite sex and/or lesser rank" who worked "jobs requiring equal skill, effort, and responsibility, under similar

working conditions" were paid more than him during his employment with the Defendant. (Doc. 1 at ¶ 14). Plaintiff did not plead any facts comparing his skill, effort, and responsibility levels to those of the "employees of the opposite sex" who were allegedly paid more than him. His conclusory and "formulaic recitation of the elements" of an EPA claim is insufficient to state a claim. *See Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555); *Arafat v. Sch. Bd. of Broward Cnty.*, No. 11-62525-CIV, 2013 WL 12137319, at *4 (S.D. Fla. Jan. 16, 2013), *aff'd*, 549 F. App'x 872 (11th Cir. 2013) (finding that plaintiff failed to state a plausible EPA claim because "[h]er conclusory allegation that men and younger people were paid more than her [wa]s insufficient, both for its lack of factual content and for its failing to demonstrate that the employees of which she complains held jobs equal to her job").

Count three in the complaint asserts a claim for "unpaid wages (breach of oral agreement)." (Doc. 1 at p. 3). Based on the sparse allegations in the complaint under Count three, it is unclear whether Plaintiff is attempting to allege a claim for unpaid wages under the FLSA or as a common law breach of oral contract under Florida law. *See Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1271 (11th Cir. 2009) ("[A]ctions for unpaid wages are typically pled as breach of contract claims wherein the agreement in question happens to be an employment or compensation contract."); *cf. Bule v. Garda CL SE, Inc.*, No. 14-21898-CIV, 2014 WL 3501546, at *2 (S.D. Fla. July 14, 2014) ("As a matter of law, a plaintiff cannot circumvent the exclusive remedy prescribed by Congress by asserting equivalent state law claims in addition to a FLSA claim.") (citation omitted). Nevertheless, Count three fails to adequately state a claim for relief.

To state a claim for relief under the FLSA against a covered employer, a plaintiff must allege (1) that he was an employee of the defendant (i.e., an employment relationship); (2)

that he or the employer is an enterprise engaged in interstate commerce covered by the FLSA; and (3) that the employer failed to pay minimum wages and/or overtime compensation. *See Morgan v. Fam. Dollar Stores, Inc.*, 551 F.3d 1233, 1277 n.68 (11th Cir. 2008); *Simmons v. Severin*, No. 8:17-cv-200-T-33AEP, 2017 WL 1365662, at *2 (M.D. Fla. Apr. 14, 2017) (citation omitted); *Sec'y of Labor v. Labbe*, 319 F. App'x 761, 763 (11th Cir. 2008) (per curiam) ("[T]he requirements to state a claim of a FLSA violation are quite straightforward. The elements that must be shown are simply a failure to pay overtime compensation and/or minimum wages to covered employees and/or failure to keep payroll records in accordance with the Act.") (citing 29 U.S.C. §§ 206, 207, and 215(a)(2) and (5)).

Plaintiff fails to plead the necessary elements to state a FLSA claim for unpaid wages. He does not allege that Defendant failed to pay him minimum wages and/or overtime compensation. *See Richmond v. Fla. Health Dep't*, No. 8:19-cv-2865-T-36AAS, 2020 WL 2749727, at *2 (M.D. Fla. May 7, 2020), *report and recommendation adopted sub nom. Richmond v. Polk Cnty. Health Dep't*, 2020 WL 2745955 (M.D. Fla. May 27, 2020), *aff'd*, 838 F. App'x 505 (11th Cir. 2021) ("Recovery under the FLSA applies [to] claims for unpaid minimum wages or overtime wages."); *Jackson v. Rybovich Boat Co. LLC*, No. 15-60375-CIV, 2015 WL 13777044, at *2 (S.D. Fla. May 20, 2015), *report and recommendation adopted*, 2015 WL 13777041 (S.D. Fla. June 10, 2015) ("The FLSA requires the payment of minimum wage and[/or] payment of an overtime premium for hours worked in excess of 40 hours in any work week."). Nor does he allege that Defendant was an enterprise engaged in interstate commerce, as required by the FLSA. *See Burge v. Kings Realty Grp., LLC*, No. 8:12-cv-1172-T-33TGW, 2012 WL 4356815, at *3 (M.D. Fla. Sept. 24, 2012) ("[E]ven with liberal construction, [plaintiff's] [c]omplaint lacks any factual allegations to support the legal

conclusion that [plaintiff] or Defendants were engaged in commerce.") (collecting similar cases).

To state a claim for breach of contract, a plaintiff must plead the existence of a contract, a material breach, and damages. *See Vega*, 564 F.3d at 1272 (citation omitted). "To prove the existence of a contract, a plaintiff must plead: (1) offer; (2) acceptance; (3) consideration; and (4) sufficient specification of the essential terms." *Id.* (citing *St. Joe Corp. v. McIver*, 875 So. 2d 375, 381 (Fla. 2004)). In addition, to state a cause of action for breach of an oral contract, a plaintiff must allege that the "parties mutually assented to 'a certain and definite proposition' and left no essential terms open." *See W.R. Townsend Contracting, Inc., v. Jensen Civ. Const., Inc.*, 728 So. 2d 297, 300 (Fla. 1st DCA 1999) (quoting *Jacksonville Port Auth. v. W.R. Johnson Enterps., Inc.*, 624 So. 2d 313 (Fla. 1st DCA 1993)). "Conclusory allegations of 'verbal promises,' without more, do not state a claim for breach of contract under Florida law[.]" *Sleit v. Ricoh Corp.*, No. 8:07-cv-724T-23TBM, 2007 WL 2565967, at *1 (M.D. Fla. Aug. 31, 2007).

In Count three, Plaintiff alleges that "Defendant agreed to increase Plaintiff's hourly rate from $22.00 to $31.60 as of June 16, 2025, but [Defendant] failed to honor this wage increase or pay the back wages owed[,]" and as a result, Plaintiff suffered damages. (Doc. 1 at ¶¶ 22-23). Plaintiff has not pled sufficient facts with respect to the formation or essential terms of the purported "oral employment agreement." (*Id.* at ¶ 23); *see Pirowskin v. Atl. & Pac. Ass'n Mgmt., Inc.*, No. 20-cv-21380, 2020 WL 2322920, at *2 (S.D. Fla. May 11, 2020) (finding that plaintiff failed to state a claim for breach of oral contract because the complaint did not allege facts with respect to the formation and terms of the agreement); *Fernandez v. CheckAlt Eras, Inc.*, No. 20-cv-22746-UU, 2021 WL 7082947, at *4 (S.D. Fla. Jan. 7, 2021) (finding that plaintiff failed to state a claim for breach of oral contract because the complaint did not allege

sufficient facts regarding the formation and terms of the purported contract, specifically "when the contract was executed, the expected duration of the contract, or the structure of payments under the contract").

### C. Incomplete Motion to Proceed in Forma Pauperis

Furthermore, the Court observes that Plaintiff's Motion to Proceed in Forma Pauperis (Doc. 2) is deficient because Plaintiff did not use the proper form. As a result, Plaintiff did not answer several pertinent questions or explain why he could not do so. Plaintiff must complete the "Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form)" from the Court's website (https://www.uscourts.gov/forms/fee-waiver-application-forms/application-proceed-district-court-without-prepaying-fees-or).

### D. Amendment

In an abundance of caution, the Court will provide the Plaintiff with an opportunity to file an amended complaint to clarify the basis of his claims. Plaintiff must provide the Court with sufficient information in a coherent manner so that it can perform the review required under § 1915. The amended complaint must clearly state the legal theory or theories upon which Plaintiff seeks relief and explain with factual allegations how the Defendant is responsible. Plaintiff should carefully consider whether he can allege a claim in good faith because pursuing frivolous claims could lead to the imposition of sanctions.

Plaintiff is cautioned that, despite proceeding *pro se*, he is required to comply with this Court's Local Rules, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence. Plaintiff may obtain a copy of the Local Rules from the Court's website (http://www.flmd.uscourts.gov) or by visiting the Office of the Clerk of Court. Additionally, resources and information related to proceeding in court without a lawyer, including a

handbook entitled "Guide for Proceeding Without a Lawyer," can be located on the Court's website (http://www.flmd.uscourts.gov/pro_se/default.htm). Plaintiff should also consult the Middle District of Florida's Civil Discovery Handbook for a general discussion of this District's discovery practices (http://www.flmd.uscourts.gov/civil-discovery-handbook).

### IV.   CONCLUSION

Accordingly, Plaintiff's Motion to Proceed in Forma Pauperis (Doc. 2) is **TAKEN UNDER ADVISEMENT**. Plaintiff shall file an amended complaint and an amended motion to proceed in forma pauperis on or before **October 20, 2025**. The amended complaint must comply with all pleading requirements contained in Rules 8, 9, 10, and 11 of the Federal Rules of Civil Procedure and those contained in the Local Rules of the Middle District of Florida. Failure to comply with this Order may result in a recommendation that this action be dismissed for failure to prosecute.

**DONE** and **ORDERED** in Ocala, Florida on September 22, 2025.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties